## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBBIE ANDAY, on behalf of herself and all
others similarly situated,

Plaintiff(s),

-against-
MIDLAND CREDIT MANAGEMENT, INC. and
JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1.     Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.     Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## PARTIES

4.      Plaintiff is a natural person, a resident of Philadelphia, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5.      MIDLAND CREDIT maintains a location at 2365 Northside Drive, Suite 300, San Diego, California 92108.

6.      MIDLAND CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

7.      MIDLAND CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

8.      John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## STATEMENT OF FACTS

13.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14.     At some time prior to January 16, 2019, Plaintiff allegedly incurred a financial obligation to CITIBANK, N.A. ("CITIBANK").

15.    The CITIBANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.    Plaintiff incurred the CITIBANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

17.    The CITIBANK obligation did not arise out of a transaction that was for non-personal use.

18.    The CITIBANK obligation did not arise out of a transaction that was for business use.

19.    The CITIBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    CITIBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.    The CITIBANK obligation was charged-off by CITIBANK in February 2015.

22.    At some time prior to January 16, 2019, the CITIBANK obligation was purchased by and/or sold to MIDLAND FUNDING, LLC ("MIDLAND FUNDING").

23.    At the time the CITIBANK obligation was purchased by and/or sold to MIDLAND FUNDING the CITIBANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

24.    Defendants caused to be delivered to Plaintiff a letter dated January 16, 2019, which sought a balance of $614.88.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

25.    The January 16, 2019 letter was sent to Plaintiff in connection with the collection of the CITIBANK obligation.

26.     The January 16, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     Upon receipt, Plaintiff read the January 16, 2019 letter.

28.     The January 16, 2019 letter stated in part:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. **If you do not pay the debt,** we may continue to report it to the credit reporting agencies as unpaid. (emphasis added)

29.     The time period that collection items can remain on a person's credit history is limited by 15 U.S.C. § 1681c.

30.     Pursuant to 15 U.S.C. § 1681c et seq., the time period is generally limited to 7 years ("7 year reporting period").

31.     During that 7 year reporting period, creditors and other furnishers of credit information to credit bureaus must report accurate information, including whether a debt has been paid or not.

32.     The 7 year reporting period allowed by 15 U.S.C. § 1681c et seq. had not expired by January 16, 2019.

33.     The CITIBANK obligation was still being reported to one or more of the three major credit reporting agencies by MCM and/or MIDLAND FUNDING as of January 16, 2019.

34.     A payment made on a debt has no effect as to whether it continues to appear on a credit report or not.

35.     A debt appearing on a credit report will be deleted within the reporting period allowed pursuant to 15 U.S.C. § 1681c(a) et seq. whether or not a payment is made on the debt.

36.    Defendant's letter falsely implies that only making a payment will cause any reporting of the CITIBANK obligation to a credit bureau to be deleted in violation of the FDCPA. See Griffin v. Andrea Visgilio-McGrath, LLC, 2017 U.S. Dist. LEXIS 111691.

37.    The January 16, 2019 letter falsely implied that the CITIBANK obligation would continue to be reported to one or more of the credit reporting agencies beyond the 7 year reporting period, unless a payment was made.

38.    The January 16, 2019 letter implies that continuing to report the CITIBANK obligation is contingent on whether the Plaintiff makes a payment or not, rather than being controlled by the 7 year reporting period.

39.    MIDLAND CREDIT knew or should have known that its actions violated the FDCPA.

40.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

41.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the attempted collection of a debt;

(b)    Making a false representation of the character or legal status of the debt; and

(c)    Threatening to take an action that cannot legally be taken or that is not intended to be taken.

42.    Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons within Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

44.     This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from MIDLAND CREDIT, in the form attached as Exhibit A, concerning a debt owned by MIDLAND FUNDING, LLC, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.  The Class period begins one year prior to the filing of this Action.

45.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a.   Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least thirty (30) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i.     Whether the Defendants violated various provisions of the FDCPA:

    ii.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.   Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

46. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

47.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

48.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

49.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

50.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

51.    Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

52.    The January 16, 2019 letter would cause the least sophisticated consumer to believe that the obligation was still being reported to a credit bureau and only a payment would cause it to be removed.

53.    Defendant's collection letters and/or notices would cause the least sophisticated consumer to believe that making a payment would have an effect on the whether the debt continued to appear on credit reports.

54.    Defendants' false, deceptive and misleading statements would cause the least sophisticated consumer to believe that the alleged debt was being reported to one or more credit reporting agencies and that only a payment would cause it to be removed from the consumer's credit history.

55.    Defendants' letter violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(5); § 1692e(8) and § 1692(10).

56.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

57.    Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with its communications to Plaintiff and others similarly situated.

58.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying and/or representing that that only a payment would cause any credit reporting of the debt to be removed from the consumer's credit history.

59.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the obligation could be reported to one or more of the national credit bureaus beyond the 7 year period.

60.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the obligation could be reported to one or more of the national credit bureaus for infinity and beyond <u>unless</u> a payment was made.

61.    Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

62.    Defendants violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character or legal status of the debt.

63.    Defendants' conduct as described herein constitutes violations of 15 U.S.C. § 1692e(2)(A)..

64.    Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

65.    Defendants violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

66.    Section 1692e(8) of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known to be false or should be known to be false.

67.    Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known to be false or should be known to be false.

68.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

69.    Defendants violated 15 U.S.C. § 1692e(10) as described herein by using a false and deceptive means of collecting the debt.

70.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

71.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

72.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

73.    Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

74.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

75.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

Dated: January 13, 2020

Robert P. Cocco, Esq. (Pa. I.D. 61907)
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 261-6055 facsimile

# EXHIBIT A


Midland
Credit
Management

Suite 300
San Diego, CA 92108

01-16-2019

| MCM Account Number | Current Balance | Discount |
|---|---|---|
| 8565667605 | $614.88 | 40% OFF |

| | |
|---|---|
| Original Creditor | Citibank, N.A. |
| Original Account | 6035350195600379 |
| Current Owner | Midland Funding LLC |

Debbie Anday          P13T333 001
2718 E Thompson St
Philadelphia, PA  19134-4735



# Did y u forg t somethi g?

## CALL US TODAY! (877) 231-8886

Hours of Operation: Sun-Th: 5am-9pm PT; Fri-Sat: 5am-4:30pm PT;

### We can't change the past, but we can help with your future.

RE: Citibank, N.A.    Best Buy

Debbie Anday, mistakes can happen to anyone. Midland Credit Management believes that everyone deserves a second chance. Call (877) 231-8886 or visit us online at MCMPay.com by 02-15-2019 to accept one of these discounts.

**We are offering you 40% OFF your balance to help you eliminate your debt while saving money.**

Midland Credit Management will help you put this debt burden behind you. Call us today to pay off your account, and regain your financial freedom!

Sincerely,

Tim Bolin

Tim Bolin, Division Manager

## KNOW YOUR OPTIONS

### Option 1

**40% OFF**
Payment Due Date: 02-15-2019

### Option 2

**20% OFF**
Over 6 Months

### Option 3

**Monthly Payments As Low As:**
$50 per month

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

We are not obligated to renew any offers provided.


(877) 231-8886


MCMPay.com


Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

| Calls to and/or from this company may be monitored or recorded. | | | |
|---|---|---|---|
| **Basic Information** | | | |
| iginal Creditor | Citibank, N.A. | MCM Account Number | 8565667605 |
| iginal Account umber | 6035350195600379 | Charge-Off Date | 02-20-2015 |
| urrent Creditor *e sole owner of this bt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

| Important Contact Information | | |
|---|---|---|
| nd Payments to: dland Credit Management, Inc ). Box 51319 s Angeles, CA 90051-5619 | Send disputes or an instrument tendered as full satisfaction of a debt to: Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | Physical Payments for Colorado Residents: 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |

our payment method is a credit or debit card, it may be processed through our international card processor. Although our icy is to not charge consumers fees based upon their payment method, your card issuer may elect to do so due to the location he card processor. If an international transaction fee has been charged by your card issuer, that fee is eligible for mbursement. You may contact your Account Manager to modify your payment method to avoid these charges in the future l for information to initiate your reimbursement.

are required under state law to notify consumers of the following additional rights. This list does not contain a complete list he rights consumers have under applicable law:

ILS ID: 934164

'OU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or l request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) 's of such request. You may terminate this request by writing to MCM.

'OU LIVE IN MINNESOTA, THIS APPLIES TO YOU: This collection agency is licensed by the Minnesota Department of Commerce.

'OU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU: New York City Department of Consumer Affairs License Number 1140603, )7829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431 and 2058507.

'OU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU: North Carolina Department of Insurance Permit #101659, #4182, #4250, '77, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, ı Diego, CA 92108

'OU LIVE IN TENNESSEE, THIS APPLIES TO YOU: This collection agency is licensed by the Collection Service Board of the ›partment of Commerce and Insurance.